**Hearing Date/Time:**
**February 14, 2013 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 13 |
| Van E. Johnson, | : | |
| | : | Case No. 09-49420-ESS |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| Van E. Johnson, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Proc. No. 12-01282-ESS |
| -against- | : | |
| | : | |
| America Servicing Company, | : | |
| Bank of America National Association, | : | |
| as Trustee for Morgan Stanley Trust 2006-6AR, | : | |
| Lend America, | : | |
| Ideal Mortgage Bankers, and | : | |
| John and Jane Does 1 Through 10, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF WELLS FARGO BANK, N.A. D/B/A
AMERICA'S SERVICING COMPANY AND BANK OF AMERICA, NATIONAL
ASSOCIATION, AS TRUSTEE'S MOTION TO DISMISS COMPLAINT**


HOGAN LOVELLS US LLP
David Dunn
Brian Grieco
875 Third Avenue
New York, NY 10022
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100

*Attorneys for Defendants Wells Fargo Bank,
N.A. d/b/a America's Servicing Company
and Bank of America, National Association,
as Trustee*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF UNDISPUTED FACTS ................................................................................2

      A.    The Mortgage Loan ...........................................................................2

      B.    Procedural History ...........................................................................3

      C.    This Adversary Proceeding and the Complaint ...........................................4

ARGUMENT .............................................................................................................................4

   I.    LEGAL STANDARD FOR MOTION TO DISMISS.......................................................4

   II.    ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE
         APPLICABLE STATUE OF LIMITATIONS SET FORTH IN
         SECTION 6-L......................................................................................5

   III.    ANY OBJECTION TO THE PROOF OF CLAIM FILED BY
         PLAINTIFF BASED ON SECTION 6-L IS NOT TIMELY AS HIS
         CHAPTER 13 PLAN WAS ALREADY CONFIRMED .......................................7

   IV.    PLAINTIFF'S CLAIMS CANNOT BE MADE AGAINST A
         SERVICER OF A LOAN, SUCH AS ASC .............................................8

   V.    THE MORTGAGE LOAN AT ISSUE IS NOT A HIGH COST
         HOME LOAN PURSUANT TO THE TWO THRESHOLDS SET
         FORTH IN SECTION 6-L ...................................................................9

      A.    The Annual Percentage Rate Threshold .......................................10

      B.    The Points and Fees Threshold...................................................11

CONCLUSION.............................................................................................................13

\\NY - 020145/000046 - 2493603 v7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Gen. Home Equity, Inc. v. Gjura,*
    No. 102365/09, 2010 WL 2984344 ...................................................................................12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..............................................................................................................4, 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd,*
    493 F.3d 87 (2d Cir. 2007) ......................................................................................................5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................................5

*In re Justice Oaks II, Ltd.,*
    898 F.2d 1544 (11th Cir. 1990) ..............................................................................................8

*In re Starling,*
    251 B.R. 908 (Bankr. S.D. Fla. 2000) ....................................................................................7

*Joseph v. Northwood Grp., LLC,*
    No. 08 Civ. 3644 (NRB), 2009 WL 2252336 (S.D.N.Y. July 23, 2009) .................................5

*Pisani v. Westchester Cnty. Health Care Corp.,*
    424 F. Supp. 2d 710 (S.D.N.Y. 2006) ...................................................................................3

*Universal Am. Mortg. Co. v. Bateman (In re Bateman),*
    331 F.3d 821 (11th Cir. 2003) ...............................................................................................7

*Webster v. Wells Fargo Bank, N.A.,*
    No. 08 Civ. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009) .........................................3

**STATUTES**

12 CFR § 226.4 ...............................................................................................................11, 12

11 U.S.C. § 108 .........................................................................................................................6

11 U.S.C. § 502 .........................................................................................................................7

15 U.S.C. § 1605 ..................................................................................................................11, 12

N.Y. Banking Law § 6-l....................................................................................................... passim

N.Y. Banking Law § 590 ...............................................................................................................9

**OTHER AUTHORITIES**

Federal Rules of Bankruptcy Procedure 7012 .....................................................................1, 4, 13

Federal Rules of Civil Procedure 12(b)(6).........................................................................1, 4, 13

\\NY - 020145/000046 - 2493603 v7

Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company (named incorrectly herein as "America Servicing Company") ("ASC") and Bank of America, National Association, as Trustee for Morgan Stanley Trust 2006-6AR ("BOA," together with ASC, "Defendants"), by and through their undersigned counsel, submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to dismiss Plaintiff Van E. Johnson's ("Plaintiff") "Complaint Objecting to the Proof of Claim & for Declarative Judgment and Rescission of Lien," filed September 27, 2012 (the "Complaint" or "Compl.").[1]

## PRELIMINARY STATEMENT

After extensive unsuccessful litigation in this three year old chapter 13 case -- including a prior adversary proceeding against the same parties and a prior objection to BOA's proof of claim -- Plaintiff now seeks to use his chapter 13 case to commence yet another action against the lender and servicer of his mortgage loan.

This time Plaintiff argues that his mortgage loan -- which closed on January 24, 2006 -- is a "high cost home loan" as defined under Section 6-l of New York Banking Law ("Section 6-l") and that there were alleged violations of such law.  Plaintiff should no longer be permitted to use this Court to continue such frivolous litigation, and, as discussed below, all of Plaintiff's claims must be dismissed.

***First***, the six-year statute of limitations has run under applicable New York law on all claims that are asserted by Plaintiff in the Complaint as this action was commenced more than

---

[1] This Motion is timely pursuant to the Stipulation for Extension of Time entered by this Court on December 21, 2012 [ECF No. 7].

six years after the origination of the loan and both of the provisions of Section 6-l that are without time limitation expressly do not apply to this action.

**Second**, to the extent this action amounts to yet *another* objection to ASC's proof of claim filed in this chapter 13 case, as Plaintiff attempts to categorize this action, such objection to BOA's claim is untimely as Plaintiff's chapter 13 plan has already been confirmed by order of this Court.  Further, Plaintiff should not be permitted to raise these issues as an objection to claim since almost 3 years have passed since BOA filed its claim in Plaintiff's chapter 13 case.

**Third**, New York Banking Law is clear that such action is not permitted against the servicer of a loan, thus, ASC is not a proper defendant.

**Lastly**, even assuming the truth of the factual information alleged in the Complaint, the mortgage loan at issue does not meet the definition of a "high cost home loan" because neither of the threshold tests under Section 6-l -- the so-called "APR" threshold and "points and fees" threshold – are met.

Thus, as Plaintiff has failed to properly state any claim to which he is entitled to relief, as set forth below, the Complaint should be dismissed in its entirety.

### STATEMENT OF UNDISPUTED FACTS

**A.    The Mortgage Loan**

On January 24, 2006, Plaintiff obtained a mortgage loan (the "Loan") from Ideal Mortgage Bankers d/b/a Lend America ("Lend America") by executing an adjustable rate note in the principal amount of $281,200.00 (the "Note") and a mortgage (the "Mortgage") on Plaintiff's property located at 128 Howard Avenue, Brooklyn, New York.  (Chapter 13 Docket No. 65, Ex.

A, at ¶ 3.[2])  The Note, endorsed in blank, and the Mortgage were subsequently assigned and physically delivered to BOA.  (Chapter 13 Docket No. 65, Ex. A, at ¶¶ 4-5.)

On January 24, 2006, at closing, Plaintiff signed a Federal Truth-In-Lending Disclosure Statement (the "<u>TILA Statement</u>") and executed the Note.[3]  The TILA Statement states that the Loan carried a 7.144% annual percentage rate.

**B.    <u>Procedural History</u>**

On October 27, 2009 (the "<u>Petition Date</u>"), Plaintiff commenced a case under chapter 13 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  (Chapter 13 Docket No. 1.)

On or about December 30, 2009, BOA, as a secured creditor, filed a proof of claim in the amount of $288,794.92 (the "<u>Proof of Claim</u>").  (Compl. at p. 4.)  The Proof of Claim was filed by ASC, the servicer of the Loan.  (Chapter 13 Claim No. 2-1.)

Plaintiff filed his first proposed chapter 13 plan on or about November 25, 2009.  (Chapter 13 Docket No. 15.)  As this proposed plan failed to provide for payment of the pre-petition arrears set forth in the Proof of Claim, BOA filed an objection to confirmation of the plan on or about January 5, 2010.  (Chapter 13 Docket No. 20.)

On or about June 13, 2010, Plaintiff commenced an adversary proceeding against, among others, BOA, ASC and Lend America (the "<u>First Action</u>").  (Chapter 13 Docket No. 26.)  More

---

[2] References to Chapter 13 Docket Numbers refer to docket entries in Plaintiff's pending chapter 13 case, titled *In re Johnson,* Case No. 09-49420 (ESS).

[3] A copy of the TILA Statement and the Note are attached as Exhibits A and B to the Declaration of Nicole E. Schiavo, dated January 25, 2013 (the "<u>Schiavo Decl.</u>"), submitted herewith.  On a motion to dismiss, this Court "may consider all documents attached to or incorporated by reference into the Complaint, documents Plaintiff[] possessed or knew of when bringing suit, and matters of which judicial notice may be taken."  *Webster v. Wells Fargo Bank, N.A.,* No. 08 Civ. 10145, 2009 WL 5178654, at *1 n.2 (S.D.N.Y. Dec. 23, 2009).  Courts may also consider "documents that are 'integral' to plaintiff's claims…."  *Pisani v. Westchester Cnty. Health Care Corp.*, 424 F. Supp. 2d 710, 714 (S.D.N.Y. 2006) (internal citation omitted).  Because the Complaint references the annual percentage rate of the Loan and the terms of the Note, this Court may properly consider these documents on this Motion.

\\NY - 020145/000046 - 2493603 v7

than **two years** later, on July 12, 2012, this Court entered an Order dismissing the First Action

and the adversary case was closed on August 24, 2012.  (Adv. Proc. Docket No. 39[4].)

After six unsuccessful attempts at confirming a chapter 13 plan and **33 months** after

filing his original chapter 13 plan, on August 29, 2012, Plaintiff filed his Seventh Amended Plan

(the "Seventh Amended Plan").  (Chapter 13 Docket No. 122.)

On September 18, 2012, this Court confirmed the Seventh Amended Plan (the

"Confirmation Order").  (Chapter 13 Docket No. 124.)

       **C.**      **This Adversary Proceeding and the Complaint**

Plaintiff filed this Complaint on September 27, 2012, a week after the Confirmation

Order was entered.  The Complaint seeks a judgment against the Defendants: (i) declaring the

Defendants violated Section 6-l(ii) declaring the entire loan amount as asserted against Plaintiff

by the Defendants as uncollectible and the contract as void, (iii) to return of all the monies paid

by Plaintiff from the inception of the Loan including principal, interest and other charges with

respect to the Loan, and (iv) declaring the rescission of the Loan and removal of any lien on

Plaintiff's residence.[5]  (Compl. at pp. 15-16.)

## ARGUMENT

**I.**      **LEGAL STANDARD FOR MOTION TO DISMISS**

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules, made

applicable by Rule 7012 of the Bankruptcy Rules, a "complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Although a court must accept all factual allegations in the complaint

---

[4] Reference to Adversary Proceeding Docket Numbers refer to docket entries in the First Action, titled *Johnson v. ASC,* Adv. Proc. No. 10-01138 (ESS).

[5] Plaintiff also seeks an award of legal fees; however, Plaintiff has made no showing as to an entitlement to fees. The Defendants expressly reserve all rights to seek fees and costs against Plaintiff.

as true and draw all inferences in plaintiff's favor, a claim must be "plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555-57). To survive a motion to dismiss for failure to state a claim, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Twombly,* 550 U.S. at 555).

The Supreme Court has further defined the pleading requirements for a valid complaint, setting forth a two-step inquiry to determine whether claims survive scrutiny in the context of a 12(b)(6) motion. *See Ashcroft,* 556 U.S. at 680; *Joseph v. Northwood Grp., LLC,* No. 08 Civ. 3644 (NRB), 2009 WL 2252336, at *2 (S.D.N.Y. July 23, 2009). First, the Court must reject bald allegations that are conclusory and, as a result, are "not entitled to the assumption of truth." *Northwood Grp., LLC,* 2009 WL 2252336, at *2 *(citing Ashcroft,* 556 U.S. at 680). Second, the Court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Northwood Grp., LLC,* 2009 WL 2252336, at *2 *(citing Ashcroft,* 556 U.S. at 681).

As explained below, because the Complaint fails to meet these pleading standards, each of Plaintiff's claims must be dismissed.

## II.    ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUE OF LIMITATIONS SET FORTH IN SECTION 6-L

All of Plaintiff's claims in the Complaint are based on Section 6-l. Pursuant to Section 6-l(6), a "private action against the lender . . . pursuant to this section must be commenced within

**six years** of origination of the high-cost home loan." N.Y. Banking Law § 6-l(6) (emphasis added).

This action was commenced by the filing of the Complaint on September 27, 2012. The Loan was originated on January 24, 2006, when Plaintiff obtained the Loan from Lend America and executed the Note and the Mortgage. (Chapter 13 Docket No. 65, Ex. A, at ¶ 3; Schiavo Decl., Ex. B.)

Thus, the statute of limitations as set forth in Section 6-l(6) expired on January 24, 2012 – prior to the commencement of this adversary proceeding – and all claims in the Complaint must be dismissed.[6]

Further, the two limited provisions of Section 6-l that state that they are without time limitation do not apply with respect to this particular action. *See* N.Y. Banking Law §§ 6-l(11) and (13). *First,* Section 6-l(11) states that "[u]pon a judicial finding that a high-cost home loan violates any provision of this section, whether such violation is raised **as an affirmative claim or as a defense**, the loan transaction may be rescinded," however, such provision specifically states that "[s]uch remedy of rescission shall be available as a **defense** without time limitation." N.Y. Banking Law § 6-l(11) (emphasis added). Plaintiff is not asserting a defense. Plaintiff's claims are all affirmative claims for damages, rescission of the lien and other related relief. (*See* Compl. at pp. 15-16.) The applicable six year statute of limitations applies to affirmative claims for recession, which is the essence of Plaintiff's Complaint.

*Second,* Section 6-l(13) specifically states that "[i]n any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, **a borrower may**

---

[6] It should be noted that none of the bankruptcy tolling provisions of section 108 of the Bankruptcy Code apply to toll this statute of limitations (*e.g.,* section 108(a) tolls non-bankruptcy statute of limitations periods until the later of (a) the end of such non-bankruptcy limitations period or (b) two years from the Petition Date). *See* 11 U.S.C. § 108(a).

**assert any claims in recoupment and defenses to payment** under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan." N.Y. Banking Law § 6-l(13) (emphasis added). Plaintiff also cannot rely on this provision to save him from the statute of limitations. There is no "action" by BOA to enforce the loan, Plaintiff fails to reference any such action, and Plaintiff is not asserting any claims in recoupment or defenses to payment. Plaintiff may be attempting to categorize this adversary proceeding as an objection to the Proof of Claim to try to fall under Section 6-l(13). However, even if an objection to claim is timely in this case (which it is not as discussed in Section III below), an objection to a claim is not a claim for recoupment or a defense to payment. Plaintiff's only claim directly against ASC and BOA in the Complaint can be found in one statement in the Complaint -- "the other defendants AS[C] and BNA are also liable under Section 6-l(13) as assignee of the loan." (Complaint at p. 15.) Thus, Plaintiff does not allege that its claims against Defendants are defenses to any action commenced by Defendants.

Thus, Plaintiff's claims are barred by the statute of limitations and must be dismissed.

**III.    ANY OBJECTION TO THE PROOF OF CLAIM FILED BY PLAINTIFF BASED ON SECTION 6-L IS NOT TIMELY AS HIS CHAPTER 13 PLAN WAS ALREADY CONFIRMED**

Even, assuming *arguendo*, that the statute of limitations did not run (which it did), to the extent any of Plaintiff's claims in the Complaint are deemed an objection to the Proof of Claim, any such objection should be denied as untimely.

Through the Confirmation Order, which was signed by this Court on September 18, 2012, Plaintiff's Seventh Amended Plan was confirmed. (Chapter 13 Docket No. 124.) A debtor must file any objections to claims prior to the confirmation of a debtor's chapter 13 plan. *See, e.g., Universal Am. Mortg. Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 827 (11th Cir. 2003) ("Although [section 502(a) of the Bankruptcy Code] does not provide for a time limit to file an

objection, it must be filed prior to plan confirmation."); *In re Starling*, 251 B.R. 908, 909–10 (Bankr. S.D. Fla. 2000) ("many courts have held that an objection to a proof of claim must be filed prior to confirmation of the plan."); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir. 1990) (an objecting party "waived their right to object by failing to object prior to confirmation of the plan.").

Thus, the Complaint, to the extent it is deemed an objection to the Proof of Claim, must be dismissed as untimely as these arguments were required to have been raised prior to confirmation of the Seventh Amended Plan.[7]

Further, it cannot be ignored that Plaintiff's chapter 13 case was filed on October 27, 2009 and the Proof of Claim was filed shortly thereafter on <u>December 30, 2009</u>.  Plaintiff should not, in any event, be allowed to wait **three (3) years** after the Proof of Claim was filed to raise Section 6-l issues for the first time, which could have been raised at any time in his chapter 13 case.  In addition, Plaintiff already failed to raise any objection to the Proof of Claim in his chapter 13 case through the First Action (an adversary proceeding against many of the same parties) and his actual filing of the objection to the Proof of Claim (filed on February 16, 2011) – neither of which mentioned Section 6-l of New York Banking Law.  For this reason alone, as a court of equity, this Court should dismiss the Complaint.

## IV.    PLAINTIFF'S CLAIMS CANNOT BE MADE AGAINST A SERVICER OF A LOAN, SUCH AS ASC

Plaintiff improperly names ASC as a defendant in this Section 6-l action.  ASC is the servicer of the Loan and the provisions of Section 6-l that are relied on by Plaintiff apply to only a "lender."

---

[7] It should be noted that Section 6-l was not raised by Plaintiff in either the complaint in the First Action (*see* Adv. Pro. Docket No. 1) or Plaintiff's objection to the Proof of Claim that was filed on February 16, 2011 (*see* Chapter 13 Docket No. 55).

Pursuant to Section 6-l(1)(i), a "lender" is defined to mean "a mortgage banker as defined in [section 590(1)(f) of the New York Banking Law] or an exempt organization as defined in [section 590(1)(e) of the New York Banking Law]." N.Y. Banking Law § 6-l(1)(i). Neither of these sections apply to the servicer of a loan – such as ASC.

Section 590(1)(f) of the New York Banking Law states that a mortgage banker "shall mean a person or entity who or which is licensed pursuant to section five hundred ninety-one of this chapter to engage in the business of making mortgage loans in this state." N.Y. Banking Law § 590(1)(f).[8] Clearly, the servicer of a mortgage loan is not included in Section 6-l's definition of "lender." Further, section 590(1)(h) of the New York Banking Law, which is specifically not referenced in Section 6-l(1)(i)'s definition of lender, separately defines "mortgage loan servicer" and "servicer."

ASC, the servicer of the Loan, is not a "lender" pursuant to New York Banking Law, thus, ASC cannot be liable under Section 6-l and the complaint should be dismissed in its entirety as against ASC.

## V.    THE MORTGAGE LOAN AT ISSUE IS NOT A HIGH COST HOME LOAN PURSUANT TO THE TWO THRESHOLDS SET FORTH IN SECTION 6-L

Even if a claim under Section 6-l could be asserted at this late date, no such claim lies here because this is not a loan to which that section applies. Section 6-l states two possible thresholds by which a loan can be deemed a "high cost home loan" for the purposes of Section 6-

---

[8] Further, Section 590(1)(e) states that exempt organization "shall mean any insurance company, banking organization, foreign banking corporation licensed by the superintendent or the comptroller of the currency to transact business in this state, national bank, federal savings bank, federal savings and loan association, federal credit union, or any bank, trust company, savings bank, savings and loan association, or credit union organized under the laws of any other state, or any instrumentality created by the United States or any state with the power to make mortgage loans." N.Y. Banking Law § 590(1)(e).

l.  Plaintiff has failed to demonstrate that the Loan meets either threshold, thus, the Complaint must be dismissed as a matter of law.

A.    **The Annual Percentage Rate Threshold**

A home loan is high cost under New York law if the annual percentage rate ("<u>APR</u>") at consummation is eight (8) percentage points above the applicable yield on treasury securities. *See* N.Y. Banking Law § 6-l(1)(g)(i) (defining APR threshold).

Plaintiff incorrectly references a 13.375% APR in the Complaint.  (Compl. at p. 13.) Plaintiff argues that this rate should be used to calculate the APR threshold as it is the maximum rate that could apply to the Loan – which is an adjustable rate loan.  Rather, pursuant to Section 6-l(1)(g)(i), this Court should rely on the APR set forth in the TILA Statement Plaintiff received and signed at closing on January 24, 2006.  (*See* Schiavo Decl., Ex. A.)

As evidenced by the TILA Statement, this Loan carried 7.144% APR at consummation. (*See* Schiavo Decl., Ex. A.)  Even assuming the Treasury securities yield set forth in the Complaint is used (4.83%[9]), the Loan does not meet the threshold -- **7.144% (APR) is less than 12.83% [4.83% + 8.0%]**.

Plaintiff's argument for using the maximum rate seems to be based on the provision of Section 6-l that states to use the APR after an initial or introductory period, if any.[10]  The Note at issue is adjustable after the first five years (*see* Schiavo Decl., Ex. B), however, even if such period were deemed "initial or introductory," the APR at the end of such period could not have

---

[9] It is unclear why Plaintiff used 4.83% as it appears that the "yield on treasury securities having comparable periods of maturity to the loan maturity measured as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender" (N.Y. Banking Law § 6-l(1)(g)(i)) is **4.75%** (the 30-year yield on Treasury securities for December 15, 2005, the month preceding the month in which Plaintiff's mortgage application appears to have been received by Lend America).  However, as this is a motion to dismiss, Plaintiff's alleged rate will be used to demonstrate that the Loan does not meet the threshold.

[10] Section 6-l(1)(g)(i) also states that "if the terms of the home loan offer any initial or introductory period, and the annual percentage rate is less than that which will apply after the end of such initial or introductory period, then the annual percentage rate that shall be taken into account for purposes of this section shall be the rate which applies after the initial or introductory period."  N.Y. Banking Law § 6-l(1)(g)(i).

been adjusted to be more than the "treasury yield plus 8%." Thus, this loan cannot meet the APR threshold.

### B.    The Points and Fees Threshold

A home loan can also be a high cost loan if the "points and fees" exceed 5% of the loan. *See* N.Y. Banking Law § 6-l(1)(g)(ii) (defining points and fees threshold).

Plaintiff alleges that the points and fees total $23,578.86.  (Compl. at p. 12.)  However, without further analyzing the points and fees alleged by Plaintiff, the Loan does not qualify under the "points and fees" threshold when government recording fees, transfer taxes and insurance paid to third parties -- which Plaintiff includes incorrectly -- are excluded from Plaintiff's calculation.

Pursuant to Section 6-l(1)(f), "points and fees" are limited to:

    i. All items listed in 15 U.S.C. § 1605(a)(1)-(4), which specifically lists (a) any amount payable under a point, discount, or other system or additional charges, (b) service or carrying charge, (c) loan fee, finder's fee, or similar charge, and (d) fee for an investigation or credit report;

    ii. All charges for items listed under section 226.4(c)(7) of title 12 of the code of federal regulations, "but only if the lender receives direct or indirect compensation in connection with the charge or the change is paid to an affiliate of the lender; otherwise, the charges are not included within the meaning of the phrase "points and fees"; and these items are specifically listed in section 226.4(c)(7) as (a) fees for title examination, abstract of title, title insurance, property survey, and similar purposes, (b) fees for preparing loan-related documents, such as deeds, mortgages, and reconveyance or settlement documents, (c) notary and credit report fees, (d) property appraisal fees or fees for inspection to assess the value or condition of the property if the service is performed prior to closing, and (e) amounts required to be paid into escrow or trustee accounts if the amounts would not otherwise be included in the finance change;

    iii. All compensation paid directly or indirectly to a mortgage broker; and

    iv. The cost of all premiums financed by the lender, directly or indirectly, for any credit life, credit unemployment, credit disability, or credit property insurance, or any other life or health insurance, or any payments financed by the lender directly or indirectly

for any debt cancellation or suspension agreement or contract, except that insurance premiums calculated and paid on a monthly basis shall not be considered financed by the lender.

N.Y. Banking Law § 6-l(1)(f); 15 U.S.C. § 1605(a); 12 C.F.R § 226.4(c)(7).

Of the $23,578.86 total points and fees alleged by Plaintiff in the Complaint, at least

**$14,774.00** (recording fees of $600.00, mortgage tax of $5,032.00, city, county and state transfer

taxes of $4,921.00, hazard insurance of $1,179.00, and title insurance of $3,042.00) do not fall

within the statutory definition of points and fees permitted to be used to calculate whether the

loan is "high cost." *See* N.Y. Banking Law § 6-l(1)(f).  *First*, amounts paid for government

recording and transfer charges, which include recording fees and city, county, state and mortgage

taxes, are not includable points and fees because they are explicitly excluded from the list of

points and fees in Section 6-l and, they are also further paid to third parties.  *See* N.Y. Banking

Law § 6-l(1)(f) (no reference to recording fees and transfer taxes paid directly to government

taxing agencies); 12 CFR § 226.4(c)(7)(v) (the only possible reference to a tax would be for a

property tax amount "required to be paid into escrow", which is not applicable to the transfer

taxes at issue here); *American Gen. Home Equity, Inc. v. Gjura*, No. 102365/09, 2010 WL

2984344, at fn. 9 (Sup. Ct. Richmond Cnty. July 16, 2010) ("A recording fee is usually paid to a

third-party on behalf of the borrower/purchaser and is thus not included in the determination of

whether the finance charge exceeds 5% of the loan amount.").  *Second,* title insurance and hazard

insurance are also not included as "points and fees" *unless* the lender receiver direct or indirect

compensation, which this lender did not.  *See* N.Y. Banking Law § 6-l(1)(f); 12 CFR §

226.4(c)(7); *American Gen.*, 2010 WL 2984344, at fn. 8-9.

Thus, after deducting the amount of such items from the maximum amount that could

otherwise be counted toward meeting the points and fee threshold, the maximum amount of

\\NY - 020145/000046 - 2493603 v7

points and fees that should be used in calculating this threshold is $8,804.86 and the threshold

cannot be met.  More specifically, even if the points and fees alleged in the Complaint, removing

only the amounts discussed above, application of the points and fees threshold formula

demonstrates that the threshold is **not** met --

    A.   Plaintiff's Alleged Points & Fees = $23,578.86

    B.   Recording Fees, Taxes, Title and Hazard Insurance =  $14,774.00

    C.   Maximum Points and Fees to Include (A minus B) = **$8,804.86**

    D.   Loan Amount ($281,200) minus (C) = $272,395.14

    E.   5% of (D) = **$13,619.76** (maximum allowable Points and Fees)

    F.   (C) is less than (E) – THRESHOLD NOT MET

Thus, the *total* "points and fees" paid at settlement of the loan as defined under Section 6-

l (even counting other fees not required to be included in the statutory calculation) – $8,804.86 –

is over $4,800 below the amount that would be needed to reach 5% of the total loan amount.  *See*

N.Y. Banking Law § 6-l(1)(f), (h).  Therefore, the Loan is not "high cost" under Section 6-l.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that this Court should dismiss

Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules and Rule 7012 of the

Bankruptcy Rules, with prejudice, and grant such other and further relief as it deems appropriate.

New York, New York
January 25, 2013

Respectfully Submitted,

HOGAN LOVELLS US LLP


By: /s/ Brian Grieco
     David Dunn
     Brian Grieco
     875 Third Avenue
     New York, New York 10022
     Telephone:  (212) 918-3000
     Facsimile:  (212) 918-3100

*Attorneys for Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Company and Bank of America, National Association, as Trustee*

14