**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re: :

        Van E. Johnson,

                        Debtor.
------------------------------------------------------------x    Case No. 09-49420-ESS
                                       Adv. Proc. No. 12-01282-ESS
Van E. Johnson,

        Plaintiff,

        -against-

America Servicing Company,
Bank of America National Association,
as Trustee for Morgan Stanley Trust 2006-6AR,
Lend America,
Ideal Mortgage Bankers, and

John and Jane Does 1 Through 10,

        Defendants.
------------------------------------------------------------x  Chapter 13

## AFFIRMATION IN OPPOSITION TO THE MOTION

**PRELIMINARY STATEMENT**

      The defendants, especially America Servicing Company and Bank of America
as Trustee (collectively "Movants") makes remarks that are unremarkable and self
serving.  The first adversary complaint was filed in good faith. There was never any
extensive litigation other than force placed mediation camp on the issues. However,
as was expected there was no good faith efforts by any of the defendants.  There was
one solid offer from this Movant i.e.—"walk away from the property and we will not
charge for deficiency,"—that was their only noble gesture.  No discovery was
conducted, defendants were trusted to act in good faith, however the trust was
misplaced. Facts speaks and record is there to show lack of good faith on the part of

1

the counsel for the bank. They said that they will modify the loan, however that was just to buy time.

This court being a bankruptcy court of limited jurisdiction, hence it was considered wise to withdraw so that there is no jurisdictional objection afterward.

Six years of statue of limitation does not foreclose this relief in the present adversary. As the earlier lawsuit was filed in time and this objection is filed in time too. Objection to the claim can be raised at anytime, further this court had stated that the debtor has duty to confirm the plan and the debtor could continue to object afterward. Servicer is a proper party as they are proper party to file the proof of claim and move for foreclosure etc. The real party in interest is yet to identified, it is very unclear who the Movant is vis-à-vis this loan. This court has not yet decided the earlier objection to the proof of claim dealing with Trust issue, it is respectfully submitted that the earlier objection be clubbed with this adversary.


**ADDRESSING DEFAULT PLEADING STANDARD**

Complaint meets pleading standards. It sets the facts. It sets the calculation. It requisitions relief. Complaint cannot be clearer than this—all conclusory allegations are based on facts, it is replete with non-neutral allegations. What is speculative here? The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal* 129 S. Ct. 1937(2009) did not displace the rule 8 pleading requirements, it wants complaint to be more than a traditional notice of a lawsuit, particularly it must bear actual specificity—here it is all based on facts alleged. Movant misses one point here regarding the standard set by *Twombly* and *Iqbal*, it just didn't want discovery to be a source of finding a cause of action, it wanted to have claimant some concrete basis to proceed without looking for causes of actions in discovery. Further, Twombly and Iqbal does not demand specificity if the entire information about the claims is within the control and custody of

defendants. In similar vein, *Twombly Iqbal* objections must have some bite and they cannot be what they insist not to be. Here movant is doing precisely what is prohbited. Don't just narrate the law, be specific.    There is no nothing specific alleged by the movant to backup *Twombly Iqbal* objection to the pleadings here, hence this objection must be overruled.

## NEW YORK HIGH COST ANALOGY WITH TILA

The undersign advance arguments based on precedence and analogies of cases and principles pertaining to similar statute, like those pertaining to Truth in Lending Act (TILA), as this deals with New York Banking law 6L which is actually a copy of TILA high cost loans.

Analogy of TILA cases is very apt here as this situation is indistinguishable from another situation where consumer protections laws are decided, especially those dealing with home mortgages. The only two difference here is that we are dealing with state law rather than federal one, same principles of dealing with High Cost Loan must be dealt herein as this case is indeed indistinguishable since the same rationale applies to both. There is not much case law that has accreted to section 6L, hence analogy of federal HOEPA cases shall serve as useful heuristic devices deliberative reflection on the merits. Further, it must be pointed that the section 6L is way more powerful a check to lender's abuses than HOEPA, it grants a far wider relief to the consumer than the federal laws.

Section 6l is a strict liability statute and being a consumer protection statute it is liberally construed in favor of the consumers.

First, the movant filed a proof of claim—we object to such a claim and we file an objection. It is a defense and "[s]uch remedy of rescission shall be available as a **defense without time limitation**." N.Y. Banking Law § 6-l(11) (emphasis added). Rescission is but a corollary to a claim permanently barred from enforcment.

3

Second, Section 6-l(13) specifically states that "[i]n any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, **a borrower may assert any claims in recoupment and defenses to payment** under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan." N.Y. Banking Law § 6-l(13) (emphasis added). Filing of a Proof of Claim is clearly an action by Movants to enforce a claim.

Can a creditor file a proof of claim after the statute of limitation? No, so filing of POC is an active action, it's a demand for payment. Filing of objection is that defense to the enforceability of the claim. The adversary is an objection to POC. The objection has voidance of lien as a relief, because an unenforceable claim looses its vitality. Bankruptcy Rule 3007 says that the relief of a type as mentioned in Rule 7001 must be sought through an adversary proceeding. Objection to proof of claim is a defense.

## STATUTE OF LIMITATION ISSUE

This action is in time. Van Johnson claim is subject to equitable tolling. It is highly disingenuous on the Movant's part to allege un-timeliness, especially when the closing paperwork was not provided to the Debtor. The attorney for the closing, Mr. Scott Peckman, Esq. and the loan originator had not provided the information to the debtor. It was clear that Mr. Peckman, picked up by Lend America to represent the debtor was not acting in good faith and was clearly an agent of the originator. It was only when the undersigned asked him to send the HUD statement that the same was sent till date he has not provided a copy of the contract. See letter dated March 20, 2012. Ex. A.

In the prior bankruptcy of the debtor, Denise Jose, Esq appearing for this movant was requested to provide a copy of the HUD and other papers, he did not do that. Ex. B

4

Twice , the undersigned requested entire file of the debtor by sending Qualified Written Request to both the previous and present counsel of the movant and papers were not provided.  **Ex. C & D**

This adversary seeking both affirmative and defensive rescission, damages is timely.

Mr. Peckman's conduct was egregious as he threw his client to a predatory loan obligation and when it is "so outrageous or so incompetent as to render it extraordinary", is an important factor in deciding whether a statute of limitations should be equitably tolled. *Baldayaque v. United States*, 338 F.3d 145, 152(2nd Cir., 2003).No doubt in *Holmberg v. ArBrecht*, 327 U.S.392, 396 (1946) the Supreme Court has rightly pinpointed that the "fraudulent conduct on the part of the defendant" makes it inequitable to apply the statute of limitations where it prevented the plaintiff from discovering the fraud on his own.  Here the loan originators were steeped in fraud and what they did with the consumers is clearly brought into the lawsuit by the United States government.  See *Council v. Better Homes Depot*, 2006 WL 2376381 (E.D.N.Y. Aug 16, 2006)(applying doctrine and finding suit timely); *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578 (E.D.N.Y. 2005); *Cardiello v. The Money Store, Inc.*, 2001 WL 604007 (S.D.N.Y. June 1, 2001), aff'd, 29 Fed. Appx. 780 (2nd Cir. 2002).  If we allow the lenders to avoid liability, if they successfully concealed the violation from the debtor, it would undermine the core remedial purpose of consumer protections laws. *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 502 (3rd Cir. 1998).

## LACK OF POWER TO FORECLOSE, BARS THIS PROOF OF CLAIM.

Interestingly the Movant posit that debtor could indeed fight the foreclosure on the alleged facts, but cannot bring this action challenging the proof of claim. They believe that the objection to the proof of claim is not a response to foreclosure as such, it is statutorily barred. They misread and misunderstand—both--the state

5

law and bankruptcy code. If mortgage foreclosure is a right to payment, why can't the defense to foreclosure be asserted as defense to right to payment. If on the alleged facts, movant cannot foreclose, they cannot claim any part of the estate and thus the proof of claim must be stricken. A party that lacks the ability to seek the state-law remedy of foreclosure does not have a right to payment from the debtor. *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D. N.Y. 2010).  As properly opined by bankruptcy judge Martin Glen in a recent case:

> Despite the Bankruptcy Code's broad definition of a "claim," U.S. Bank "has not demonstrated its 'right to payment' because . . . it lacks the ability to  seek the state law remedy  of foreclosure." *Mims* 438 B.R. at 56 (citing *Johnson v. Home State Bank*  501 U.S. 78, 81  (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)).

*In re Idicula,* 484 B.R. 284 (Bankr. S.D. N.Y., Jan. 10, 2013) (case no. 1:12-bk-12120)

If the movant cannot foreclose, they are not entitled to anything from the estate.

## OBJECTION TO POC IS TIMELY

Objection to POC is timely. There is a deadline to file claims. Rule 3002 (c)(5) extendable on request, 3002 (c)(6). However there is no deadline to file objection to claims. *In re Herrera v. JPMorgan Chase Bank*, N.A., 369 B.R. 395, 400 (E.D. Wis. 2007) ("[Fed. R. Bankr. P.] 3007 sets no bar date for objections.") (citing *In re Kolstad*, 928 F.2d 171, 174 (5th Cir. 1991), cert. denied, 502 U.S. 958 (1991); *In re Consolidated Pioneer Mortgage,* 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996)).

As long as the claim is being paid or enforced, the right to object does not extinguish. Claims and objections is parri-passu. See *Morton v. Morton (In re Morton),* 298 B.R. 301, 309–10 (B.A.P. 6th Cir. 2003) ("Neither the Bankruptcy Code nor the Bankruptcy Rules contain a bar date or deadline for filing objections to claims in a

6

chapter 13 case and we will not read one into the law where none

exists.").

## PLAN CONFIRMATION DOES NOT DEFEAT OBJECTION TO POC

Confirmation of the plan is immaterial to the underlying objection of the plan. Plan confirmation is not a res-judicata here, as the undersigned reserved its right. This issue was brought to the attention of the court and the Movant agreed in explicit terms that they will agree to future objection to the claims.  It is a matter of record and now they cannot retract from that position.

This court  and chapter 13 trustee forced the undersigned to propose and confirm a plan otherwise to have lost the protection of the bankruptcy court. Debtor had no choice. Debtor could not have availed the bankruptcy protection. Debtor cannot be blamed for this present predicament.  Court record is replete with such arguments  that objections must be carried out before confirmation.  Debtor cannot be forced to give up statutory rights, for case expediency.  However despite all this, debtor is still in time to object to the claim.  This claim objects not only to the arrears, but to the entire claim.

Confirmation of the plan must not deter these objections. See *Elliott v. ITT corp.*, 150 B.R. 36 (N.D. Ill. 1992); *Tarver v. Citifinancial Auto, Ltd.* (*In re Tarver*), 2007 WL 1876369 (Bankr. M.D. Ala. June 28, 2007)(confirmation of plan is not res judicata as to TIL recoup claims); *In re Woolaghan*, 140 B.R. 377 (Bankr. W.D. Pa. 1992).

## SERVICER IS ALSO THE PROPER PARTY

The movant accepted service on behalf of the Bank of America and the servicer. Servicer is appearing as an agent to BOA. Servicer is the entity filing the POC on behalf of BOA.  Reading it the way, the movant reads themselves are a servicer and thus precluded from the reach of NY banking law defined entity of mortgage banker, then any lender would escape liability by transferring the loan to

the third entity a secured trust which does not lend.

This servicer has held itself out as the owner of the Note and Mortgage. See the Proof of Claim filed in previous case. 07-45298, filed by attorney Dennis Jose of Steven Baum. **Ex. E.**

Further even in the pleadings they have referred to the secured creditor America Servicing Company. They have filed pleadings as the owner of the loan. Ex. **F & G**.

However, now they have changed their status. It was deemed proper to make them parties. The servicer here makes arguments that it is not the assignee or responsible for damages etc. This servicer held itself out as the owner of the obligation, it is estopped from denying it is the older. *Meyer v. Argent Mortgage Co. (In re Meyer)*, 379 B.R. 529 (bankr. E.D. Pa. 2007) (fact question whether defendant's letter implying that it held the loan estopped it from claiming that it was only a servicer), reconsideration denied, 2008 WL 474238 (Bankr. ED. Pa. Feb 20, 2008). See also *Williams. V. Saxon Mortgage Servs., Inc.* 2007 WL 3124470 (S.D. Ala. Oct. 25, 2007) (fact question whether defendant was servicer or holder of loan, particularly where it had held itself out as holder in pre-litigation correspondence).

Servicer must be made a party here, as the servicer represents the trustee, the trust and has an economic relationship with the underlying trust. Further, it does everything for the trustee including filing of proof of claim initiates foreclosure proceedings etc. If this servicer has the right to initiate foreclosure proceeding, it is a necessary party under Federal Rules of Civil Procedure 19(a). *Smith v. Argent Mortgage Corp.,* 447 F. supp. 2d 1194 (D. Colo. 2006)(servicer a proper party where it responded to consumer's rescission letter); *Miranda v. Universal Fin. Group, Inc.,* 459 F. Supp. 2d 760, 765-766 (N.D. Ill. 2006); *Adams. V Nations credit Fin. Servs.* Corp. 351 F. Supp. 2d 829, 835 (N.D. Ill. 2004)(servicer not assignee, but may still be joined as party under rule 19(a); *Murry v. America's Mortgage bankc, Inc.*, 2004 WL 5010145 (N.D. Il. July 6, 2004)

**OBJECTION TO POC IS A DEFENSIVE ACT & IS NOT BARRED BY STATUTE OF LIMITATION**

Undeniably, filing of a proof of claim is an action to collect the debt. As long as the Movant has a right to collect, so long the debtor has a right to defend. Damages claimed here are proper, as the Supreme Court held in a TILA matter that damages claims can be asserted by way of recoupment beyond the limitation period. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 41 (1998) ("[T]he effect of the 1 year limitation provision on damages action is expressly deflected from recoupment claims . . . . [R]recoupment of damages and rescission in the nature of recoupment receive unmistakably different treatments. . . . "). Here the objection to the claim is an objection to the claim as asserted against the estate property by Movant bank. See *Van Pier v. Long Island Sav. Bank,* 20 F. Supp. 2d 535 (SDNY 1998), af'd 159 F.3d 1349 (2nd Cir. 1998) (recoupment available when TIL claim raised as defense in creditor's suit). See cases allowing allowing state courts determining that TIL claims (for damages and rescission) may be raised defensively after the limitation has expired, *Public Loan Co. v. Hyde,* 390 N.E. 2d 1162 (N.Y. 1979); *Delta Funding Corp. v. Murdaugh,* 774 N.Y.S. 2d 797 (App. Div. 2004); *First Trust Nat's Ass'n V. Chiang,* 662 N.Y.S. 2d 136 (App. Div. 1997).

Section 6L expressly permits recoupment. Recoupment related to the consumer protections laws are clearly permitted in bankruptcy cases related to the allowances and disallowances of claims.

**BANKRUPTCY COURT HAS POWER TO DISALLOW THIS CLAIM.**

It is clear that the bankruptcy court has full power to grant relief under different consumers protection laws as agitated either under an adversary proceeding or as an objection to proof of claim. Bankruptcy code does entitle Chapter 13 debtor to rescission, statutory damages, recoupments and offsets that eliminate or reduce the allowable amount of a claim. *Sanchez v. Robert E. Weiss, Inc. (In re Sanchez),* 173 F. Supp. 2d 1029 (N.D. Cal. 2001) (Complaint under FDCPA states a cause of action that the debt validation notice sent by the creditor falsely informed the debtor that she could dispute the validity of the debt only in writing.);

*Gambale v. Lomas & Nettleton Co.,* 80 B.R. 308 (E.D. Pa. 1987) (Mortgagee's secured claim is reduced by Truth-in-Lending Act recoupment, by penalty and by award of statutory attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3).); *Harvey v. EMC Mortgage Corp. (In re Harvey),* Nos. 02-32412DWS, 02-1386, 2003 WL 21460063 (Bankr. E.D. Pa. June 9, 2003) (unpublished) (Bankruptcy court struggles with question whether expanded assignee liability imposed by Home Ownership and Equity Protection Act (HOEPA) applies to a Real Estate Settlement Procedures Act (RESPA) claim against a mortgage servicer; an otherwise time-barred RESPA claim can be asserted defensively by way of recoupment against a proof of claim. *Wiggins v. Peachtree Settlement Funding (In re Wiggins),* 273 B.R. 839 (Bankr. D. Idaho 2001) (Chapter 13 debtor recovers statutory damages, attorney fees and punitive damages of $184,910 for unconscionable practices by purchaser of insurance settlement proceeds.); *Cabbagestalk v. Wendover Fin. Servs., Inc. (In re Cabbagestalk),* 270 B.R. 33 (Bankr. W.D. Pa. 2001) (Debtor's complaint states a cause of action under the Pennsylvania Home Improvement Finance Act.); *Quenzer v. Advanta Mortgage Corp. (In re Quenzer),* 266 B.R. 760 (Bankr. D. Kan. 2001) (Mortgage lien became immediately void when Chapter 13 debtors gave notice of rescission under TILA.); *Martinez v. Law Offices of David J. Stern, P.A. (In re Martinez),* 266 B.R. 523 (Bankr. S.D. Fla.) (Debt collection attorney violated Fair Debt Collection Practices Act by sending FDCPA notice with foreclosure complaint when "least sophisticated consumer" would be confused by the conflicting time periods in the documents.), *aff'd,* 271 B.R. 696 (S.D. Fla. 2001) (Prepetition debt collection notice from attorney violated Chapter 13 debtor's rights under FDCPA.); *Roberson v. Cityscape Corp. (In re Roberson),* 262 B.R. 312 (Bankr. E.D. Pa. 2001) (Some of Chapter 13 debtor's truth-in-lending claims survive the statute of limitations because they may be asserted defensively as a recoupment to the mortgage holder's proof of claim.); *In re McMillan,* 251 B.R. 484 (Bankr. E.D. Mich. 2000) (Assertion that second mortgage was invalid under Michigan Home Improvement Finance Act could not be adjudicated through a provision of the plan but rather must be filed as an adversary proceeding.); *Barker v. Altegra Credit Co. (In re Barker),* 251 B.R. 250 (Bankr. E.D. Pa. 2000) (Mortgage broker committed fraud, breached fiduciary duty and violated

10

Pennsylvania Credit Services Act and Unfair Deceptive Acts and Practices statute, entitling the debtor to damages with respect to home improvement/consolidation loan.); *Hart v. GMAC Mortgage Corp. (In re Hart)*, 246 B.R. 709 (Bankr. D. Mass. 2000) (Prepetition letter notifying the debtor that he was obligated to repay a "negative suspense amount of $1,622.40" violated the Fair Debt Collection Practices Act and violated the Massachusetts Consumer Protection Act. Debtor entitled to $3,000 for emotional distress, statutory damages of $1,000, reimbursement for the Chapter 13 filing fee, attorneys' fees and trustee's commission.); *Jackson v. US Bank Nat'l Ass'n Trustee (In re Jackson)*, 245 B.R. 23 (Bankr. E.D. Pa. 2000) (Applying Home Ownership Equity Protection Act amendments to Truth-in-Lending Act, debtor did not receive required preclosing disclosures. Debtor's liability for mortgage is eliminated, and debtor gets damages of $3,800.); *Murray v. First Nat'l Bank of Chicago (In re Murray)*, 239 B.R. 728 (Bankr. E.D. Pa. 1999) (Chapter 13 debtor gets statutory damages in action under Truth-in-Lending Act.); *Walker v. Contimortgage (In re Walker)*, 232 B.R. 725 (Bankr. N.D. Ill. 1999) (Chapter 13 debtor's complaint under Truth-in-Lending and Real Estate Settlement Procedures Acts survives motion for summary judgment.); *Williams v. Gelt Fin. Corp. (In re Williams)*, 232 B.R. 629 (Bankr. E.D. Pa.) (Chapter 13 debtor gets damages and rescission under Truth-in-Lending Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law.), *aff'd in part*, 237 B.R. 590 (E.D. Pa. 1999) (Affirms violations of Truth-in-Lending Act and of Pennsylvania Unfair Trade Practices and Consumer Protection Law; affirms most of award of damages and rescission.); *Ralls v. Bank of N.Y. (In re Ralls)*, 230 B.R. 508 (Bankr. E.D. Pa. 1999) (Truth-in-lending violations entitle the debtor to reclassify the creditor's claim as unsecured, to statutory damages of $2,000, to recoupment of $2,000 and to recovery of reasonable attorney's fees.); *Smith v. VW Credit, Inc. (In re Smith)*, 227 B.R. 667 (Bankr. N.D. Ill. 1998) (Debtor voluntarily dismisses without prejudice Truth-in-Lending Act and consumer protection counterclaims to proof of claim filed by creditor.); *Fidler v. Central Coop. Bank (In re Fidler)*, 226 B.R. 734 (Bankr. D. Mass. 1998) (On Chapter 13 debtors' objection to claim and adversary proceeding against claim holder, debtors' Truth-in-Lending Act actions are time barred, but debtors' actions under the Massachusetts

Consumer Credit Act are not.); *Lombardi v. Domestic Loan & Inv. Bank (In re Lombardi)*, 195 B.R. 569 (Bankr. D.R.I. 1996) (In a Chapter 13 case filed in 1994, debtor can rescind home improvement transaction in 1992 because lender used inadequate Truth-in-Lending Act disclosures at the time of contracting and thus extended for three years the debtors' three-day right of rescission.); *Botelho v. Citicorp Mortgage, Inc. (In re Botelho)*, 195 B.R. 558 (Bankr. D. Mass. 1996) (Adversary proceeding in 1995 to rescind mortgage transaction in 1989 is not time barred because Truth-in-Lending Act and Massachusetts Consumer Credit Cost Disclosure Act claims are defenses to foreclosure action by Citicorp. Use of refinancing form rather than home equity loan form violated both TILA and CCCDA.); *Farris v. Jefferson Bank (In re Farris)*, 194 B.R. 931 (Bankr. E.D. Pa. 1996) (Bank violated the Equal Credit Opportunity Act by requiring the debtor/wife's signature on a loan for which the application was filed solely by her nondebtor husband; however, bank did not violate ECOA by requiring the debtor/wife to sign a mortgage to permit the bank to take jointly owned residence as collateral for the nonfiling husband's loan.); *Rebector v. Note Serv. Corp. (In re Rebector)*, 192 B.R. 411 (Bankr. W.D. Tex. 1995) (Contractor's lien for home improvements was a retail installment transaction under the Texas Consumer Credit Code, and thus the creditor was prohibited from taking a first lien on the debtor's real property. Debtor recovered $4,000 as a penalty and reasonable attorney fees of $5,000.); *Moore v. Mid-Penn Consumer Discount Co. (In re Moore)*, 117 B.R. 135, 137 (Bankr. E.D. Pa. 1990) (Creditor's failure to disclose in mortgage documents that the debtor could obtain fire insurance from an insurer of the debtor's choice, though a technical violation of Truth-in-Lending Act, "entitled [the debtor] to the full panoply of consequences arising from a creditor's failure to honor a valid demand for rescission: elimination of finance charges and recoupment which decimates the claim, an award of statutory damages of $1,000 in favor of the debtor and a right of [debtor's] counsel to collect his reasonable attorney's fees from the creditor."); *Bender v. Commonwealth Mortgage Co. of Am. (In re Bender)*, 86 B.R. 809 (Bankr. E.D. Pa. 1988) (Boilerplate in mortgage agreement granting a security interest in both real and personal property must be disclosed to comply with Truth-in-Lending Act,

and failure to disclose entitles debtor to $2,000 recoupment. When mortgage is partially secured and partially unsecured, upon objection to mortgage holder's claim, it is appropriate to bifurcate the recoupment sum and reduce the allowed secured claim in part and the allowed unsecured claim in part.); *Ashhurst v. Meritor Sav. Bank (In re Ashhurst),* 80 B.R. 49 (Bankr. E.D. Pa. 1987) (Upon objection to claim of mortgage company, husband and wife debtors are each entitled to a separate recovery of applicable statutory damages for Truth-in-Lending Act violation by mortgagee.); *Dangler v. Central Mortgage Co.,* 75 B.R. 931 (Bankr. E.D. Pa. 1987); *Mitchell v. Frankford Trust Co. (In re Mitchell),* 75 B.R. 593 (Bankr. E.D. Pa. 1987); *Jones v. Mid-Penn Consumer Discount Co. (In re Jones),* 79 B.R. 233 (Bankr. E.D. Pa. 1987) (Secured claim holder with real estate mortgage is rendered unsecured by Truth-in-Lending Act violation.); *McCausland v. GMAC Mortgage Corp.,* 63 B.R. 665 (Bankr. E.D. Pa. 1986) (Damages for violation of Truth-in-Lending Act are allowed as an offset or recoupment against creditor's secured claim.).

## ADVERSARY ACTION IS NOT PRECLUDED FROM DEFENSIVE OBJECTION

Somehow Movant believes that this is an adversary proceeding hence it is an affirmative action. However that is one of proper ways to bring the objection. Fed. R. Bankr. P. 3007(b); *In re Hardway*, 421 B.R. 226 (Bankr. N.D. Miss. 2010) (adversary appropriate when objection combined with other claims that required adversary proceeding). Rescission here is a permitted by way of defense. "Upon a judicial finding that a high-cost home loan violates any provision of this section, whether such violation is raised as an affirmative claim or as a defense, the loan transaction may be rescinded. Such remedy of rescission shall be available as a defense without time limitation." N.Y. Banking Law § 6-l (McKinney)

We seek such rescission as a defense if not as a beneficiary of equitable tolling. Adversary proceeding, thus is the proper mode to object to the impugned proof of claim. *In re Coxson,* 43 F.3d 189 (5th Cir. 1995); In re Norris, 138 B.R. 467 (E.D. Pa. 1992); *Jones v. Progressive-Home Fed. Sav. & Loan Ass'n,* 122 B.R. 246 ( W.D. Pa. 1990); *West v. America's Servicing Co. ( In re West),* 420 BR 284 ( Bankr. W.D. Pa.

2009); *Orr v. Ameriquest Mortgage Co.* ( IN re Hollis), 2009 WL 3030125 (Bankr.
D.N.J. Sept. 17, 2009)(treating TIL Adversary complaint as affirmative defense to
creditors' proof of claim); *Divittorio v. HSBC Bank*, 2009 WL 2246138 (Bankr. D.
Mass. July 23, 2009) (to characterize TIL aadversary procoeeding as a non-defensive
would elevate form over substance); *Wentz v. Saxon Morgtgage (In re Wentz)*, 393
B.R. 545 (Bankr. S.D. Ohio 2008); *In re Woolaghan*, 140 B.R. 377 (Bankr. W.D. Pa.
1992); *In re Kenderdine*, 118 B.R. 258 (Bankr. E.D. Pa. 1990)(statutory penalties may
be awarded to a debtor in a bankruptcy past one year statute o limitation by way of
recoupment ot reduce a creditors proof of claim); *IN re Abele*, 77 B.R. 460 (Bankr.
E.D. Pa. 1987), aff'd without op. 845 F.2d 1009 (3rd Cir. 1988);

**RECALCULATING THE HIGH COST LOAN TRIGGER**

The debtor still does not have a copy of the contract and the cancelled checks
which are with Movant and Mr. Peckman. It is not surprising that in number of
closings which took places in Brooklyn and Queens County for decade 2000 to 2010,
the HUD did not tally what was really disbursed. Disbursement did not match with
the terms of the contract.

Even the TILA disclosure here is false, as the lender used a simple fixed
mortgage calculation when they were suppose to use an composite number to reach
the correct and acceptable APR.   See Board Commentary 226.17 (c)(1). According to
the Commentary, Lend America should have calculated  a composite rate for the full
amortization period, combining  the known 7.375% for 5 years with the probable
indexed rate for succeeding years. Id.

Here the teaser rate is set at 7.375 and TILA APR at 7.160%, however this
would all change. It is clear that creditors may not disclose an initial annual
percentage rate such as a teaser rate that may be provided in a discounted variable
rate or stepped rate transaction. Rather, the disclosed annual percentage rate must
be a composite rate that reflects the totality of the transaction, not the rate initially
applicable under the transaction.

14

This being a variable rate transaction, though the debtor qualified for a fixed mortgage (sale of variable rate mortgage gets better dividends), it should have included a statement that the interest rate and periodic may increase, the TIL disclosure does not have that statement. Further, the TIL disclosure should have reflected the amount of the single maximum periodic payment, based on the maximum interest rate required to be disclosed under section 226.30. Regulations Z § 226.32(c)(4). Further, a maximum payment should have been provided for each payment stream if more than one maximum payment is possible. Id.

These composite APR rules by the Board have been upheld as facilitating TILA's purposes, since to disclose only on the basis of a teaser rate would understate the APR, fiancé charge and total of payments. First National Bank v. Office of the Comptroller, 956 F.2d 1456 (8th Cir. 1992); Sentinel Fed. Sav. & Loan Ass'n Office of Thrift Supervision, 946 F.2d 85 (8th Cir. 1991).

There are several infirmities with TIL disclosure. It should have had basic warning of the negative amortization. This predictable (or should have predicted) negative amortization should have been included in the finance charge. Had it been included, the so called fixed rate Note calculation would have exceeded an APR of 8%.

Continuation must be granted to so that material facts could be ascertained. The debtor has commenced discovery process.

Section 6L looks at the closing cost of the loan irrespective of source.

| A. | Seller paid cost | 23321.30 | |
|---|---|---|---|
| | Buyer paid cost | 2515.00 | |
| | Total | **25836.30** | |

| B. | Cost not considered. | 5032.00 | Mortgage tax. |
|---|---|---|---|
| | | 4921.00 | County and State Tran. Tax |
| | Total | **9953.00** | |

| **For argument if we add** | | 600.00 | **Recording Fees,** though included pursuant to 12 CFR 226.4 (c)(7) |
|---|---|---|---|
| | **Total** | **10,553.00** | |

Cost which shall be included, title insurance and hazards insurance, as the lender received indirect compensation in the form of interest. N.Y. Banking Law § 6-1(l)(f).

| | 1179.00 | Hazard Insurance |
|---|---|---|
| | 3042.00 | Title Insurance |

C.     Maximum Points and Fees to Include (A minus B)  =  **15,283.30**

D.     Loan Amount ($281,200) minus (C)        = **265,916.70**

E.     5% of (D) =**13,295.83** (Maximum allowable Points and Fees)

F.     (C) is NOT LESS THAN (E)—THRESHOLD MET.

Respectfully, it is requested that the continuation be granted and we need to discover more facts to have a proper calculations. Copies of the checks are within the control and custody of the bank, that shall reveal more figures.  Further, that disbursement alone will show where the checks went and the amount disbursed. There is no merit in Movant's contentions. The disbursement figures are yet to confirmed with the checks.

We request the Movant be directed to hand over copies of the cancelled checks, a copy of the contract and further an opportunity be given to amend the complaint.

New York New York

Karamvir Dahiya, Esq. for Debtor